IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SWISS RE CORPORATE SOLUTIONS
AMERICA INSURANCE CORPORATION,                    CASE NO.:

      Plaintiff,

v.

BOW TO STERN MAINTENANCE, INC.,
THE ESTATE OF LUIS ALFREDO SUAREZ,
PROGRESSIVE INSURANCE COMPANY,
FERNANDO RAUL GODINEZ, and
COREY LEIBEL,

      Defendants.

_____/

## COMPLAINT FOR INTERPLEADER

Plaintiff, SWISS RE CORPORATE SOLUTIONS AMERICA INSURANCE CORPORATION ("SWISS RE"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1332(a)(1), hereby files its Complaint for Interpleader and alleges as follows:

### Jurisdiction and Venue

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity exists among the parties.

2.      This action is brought under Federal Rule of Civil Procedure 22, which permits a stakeholder exposed to multiple liability to join all potential claimants in one action for interpleader.

3.      Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Miami-Dade County, Florida, within the Southern District of Florida.

1

**Parties**

4.     At all relevant times, Plaintiff, SWISS RE, is and was a corporation organized under the laws of Missouri with its principal place of business in Kansas City, Missouri.

5.     At all relevant times, Defendant, BOW TO STERN MAINTENANCE, INC., ("Bow to Stern") is and was a Florida for Profit Corporation, organized under the laws of Florida and

with its principal place of business in Miami-Dade County, Florida.

6.     At all times material hereto, and upon information and belief, Defendant, BOW TO STERN MAINTENANCE, INC., located at 1994 NE 147th Terrace, in Miami-Dade County, Florida provides marine maintenance and related services including vessel deliveries.

7.     Upon information and belief, Defendant, THE ESTATE OF LUIS ALFREDO SUAREZ, is the Estate of Luis Alfredo Suarez, deceased, whose Decedent was a citizen of the State of Florida at the time of his death.

8.     Upon information and belief, at the time of the accident, Luis Algfredo Suarez was the owner of a vessel, "Intrepid."

9.     Upon information and belief, PROGRESSIVE INSURANCE COMPANY, was the insurance carrier for Luis Alfredo Suarez and may have paid insurance proceeds for liability and or property damages claims for which a right of subrogation may exist.

10.     Upon information and belief, Defendant, FERNANDO RAUL GODINEZ, is and was a citizen of the State of Florida, and was the operator of the "Midnight Express" vessel at the time of the subject accident.

11.     Upon information and belief, Defendant, COREY LEIBEL, is and was a citizen of the State of Florida and owner of the "Midnight Express" vessel.

2

**FACTUAL ALLEGATIONS**

12.     Plaintiff, SWISS RE, issued a marine liability policy, Policy No. DDM0000148-03 (the "Policy"), to BOW TO STERN MAINTENANCE, INC. (the "Insured"), effective December 1, 2024, through December 1, 2025.

13.     The Policy is a marine general liability insurance policy issued by Plaintiff to BOW TO STERN MAINTENANCE, INC., providing liability coverage for bodily injury and property damage, subject to its terms, conditions, exclusions, endorsements, and applicable limits of liability. The Policy provides an Each Occurrence Limit of $1,000,000 and a General Aggregate Limit of $2,000,000. A copy of the Policy is attached hereto as **Exhibit A**.

14.     On or about November 9, 2025, a marine collision occurred on the Intracoastal Waterway in Biscayne Bay, Miami-Dade County, Florida, involving a vessel identified as a Midnight Express 34' being operated by or on behalf of Defendant, BOW TO STERN MAINTENANCE, INC., and an Intrepid 34' vessel operated by LUIS ALFREDO SUAREZ, now deceased.

15.     At the time of the subject incident, Defendant, BOW TO STERN MAINTENANCE, INC., had been engaged to transport the Midnight Express vessel and the vessel was being operated by FERNANDO RAUL GODINEZ, acting on behalf of BOW TO STERN MAINTENANCE, INC.

16.     Upon information and belief, at approximately 4:30 p.m. on November 9, 2025, the "Midnight Express" was traveling northbound on the Intracoastal Waterway in Biscayne Bay when the "Intrepid" vessel operated by LUIS ALFREDO SUAREZ, now deceased, was crossing eastbound across the waterway.

17.     During the course of the navigation of the respective vessels, a collision occurred

3

between the "Midnight Express" and the "Intrepid," resulting in significant physical damage to both vessels.

18. As a direct and proximate result of the collision, LUIS ALFREDO SUAREZ sustained catastrophic bodily injuries.

19. Upon information and belief, LUIS ALFREDO SUAREZ subsequently succumbed to the injuries sustained in the collision on or about November 10, 2025.

20. At the time of the collision, the "Midnight Express" vessel was being operated on behalf of the BOW TO STERN.

21. Upon information and belief, claims arising from the incident include, but are not limited to, wrongful death claims, survival claims, bodily injury claims, and property damage claims.

22. SWISS RE has received notice of claims and/or potential claims arising out of the November 9, 2025 marine collision.

23. Upon information and belief, the aggregate value of the claims asserted and/or reasonably anticipated to be asserted arising out of the subject incident may exceed the liability limits available under the Policy applicable to this occurrence.

24. SWISS RE is or may be exposed to multiple competing claims arising out of the subject incident and faces the risk of multiple liability or inconsistent obligations with respect to insurance proceeds potentially available under the Policy.

25. SWISS RE claims no beneficial interest in the proceeds except as expressly provided under the Policy and applicable law.

26. SWISS RE is ready, willing, and able to deposit into the registry of this Court such insurance proceeds as the Court determines are properly subject to interpleader, pursuant to the

terms of the Policy and further order of this Court.

27. An actual controversy therefore exists among the competing claimants or prospective competing claimants, concerning entitlement to any insurance proceeds, if any, available under the Policy.

28. Federal Rule of Civil Procedure 22 provides:

(a) Grounds.
(1) By a Plaintiff. Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:
(A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or
(B) the plaintiff denies liability in whole or in part to any or all of the claimants.
(b) Relation to Other Rules and Statutes. This rule supplements – and does not limit – the joinder of parties allowed by Rule 20. The remedy this rule provides is in addition to – and does not supersede or limit – the remedy provided by 28 U.S.C. §§ 1335, 1397, and 2361. An action under those statutes must be conducted under these rules.

29. Pursuant to Federal Rule of Civil Procedure 22 and Rule 67, Plaintiff seeks leave to deposit into the Court's Registry such insurance proceeds, if any, determined to be properly subject to interpleader in connection with claims arising from the November 9, 2025 collision.

30. Upon information and belief, insurance coverage potentially applicable to claims asserted, or that may be asserted, by one or more Defendants arises under the Policy identified herein, subject to all applicable terms, conditions, exclusions, endorsements, and limits.

31. All of the damages claimed, or reasonably anticipated to be claimed, arise from the November 9, 2025 collision.

32. Plaintiff claims no beneficial interest in any insurance proceeds that may be determined to be available under the Policy, except as expressly provided by the Policy and applicable law.

33.     Plaintiff does not have independent liability to any Defendant outside of the alleged damages arising from the collision described above.

WHEREFORE, Plaintiff respectfully requests the following relief:

(a)     An Order directing Plaintiff to deposit into the Court's registry such insurance proceeds, if any, as the Court determines are properly subject to interpleader under the Policy;

(b)     An Order determining the extent to which Plaintiff may retain or recover defense costs, fees, or expenses, if permitted under the Policy and applicable law;

(c)     Directing Defendants to interplead any rights to the proceeds available under the terms of the Policy;

(d)     Discharging Plaintiff from further liability to Defendants with respect to such insurance proceeds as are deposited into the Court registry pursuant to Court order; and

(e)     Such other and further relief as this Court may deem just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was e-filed via the CM/ECF electronic system on this 4th day of June  2026 and to be served by process server to all parties named herein.

**LITCHFIELD CAVO LLP**
*Attorneys for Plaintiff, Swiss Re Corporate Solutions*
*America Insurance Corporation*
800 Corporate Drive, Suite 500
Fort Lauderdale, Florida 33334
(954) 689-3000 – Office
(954) 689-3001 – Facsimile
E-Mail: Passaro@LitchfieldCavo.com
E-Mail: Nole@LitchfieldCavo.com
E-Mail: Donaldson@LitchfieldCavo.com
E-Mail: Caruso@LitchfieldCavo.com

By: /s/ Geralyn M. Passaro
      Geralyn M. Passaro, Esq.
      Florida Bar No. 613533
      Emily C. Nole, Esq.
      Florida Bar No. 1058531